# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PAIGE ANN ARCURI,

        Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation; FARMERS INSURANCE EXCHANGE, a corporation; MID-CENTURY INSURANCE COMPANY, a corporation; DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 through 10, inclusive,

        Defendants.

Case No.: 2:13-cv-00416-GMN-NJK

**ORDER**

    Pending before the Court is the Motion to Remand to State Court (ECF No. 7) filed by Plaintiff Paige Ann Arcuri. Defendant State Farm Mutual Automobile Insurance Company ("Defendant") filed a Response on April 1, 2013. (ECF No. 10.) Plaintiff did not file a Reply and the deadline to file a Reply has passed. For the following reasons, the Court GRANTS Plaintiff's Motion to Remand.

**I.    BACKGROUND**

    Plaintiff originally filed her complaint in state court alleging that Defendant failed to honor her uninsured/underinsured motorist ("UIM") policy. (Compl., ECF No. 1-1.). Subsequently, Defendant removed the action to this Court asserting that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). (Pet. for Removal 2:4-5, ECF No. 1.) Specifically, Defendant asserts that Plaintiff is domiciled in Nevada and that Defendant is domiciled in Illinois. (*Id.* at 2:11-12.) Defendant further states that "[t]he contractual limits of the policies alone are sufficient to exceed the jurisdictional limit" and "[i]t is clear that Plaintiff is seeking

1  punitive damages in excess of $75,000." (Id. at 2:22-27.)

2  On March 18, 2013, Plaintiff filed a Motion to Remand to State Court. (Mot. to Remand, ECF No. 7.)  Plaintiff asserts that Defendant has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit (*Id.* at 5:11-13) and "[h]as failed to proffer any evidence to support its contention that the value of this case exceeds $75,000." (*Id.* at 6:1-2.)  Furthermore, Plaintiff asserts "Farmers and/or Mid-Century has taken the position that Plaintiff's UIM [uninsured/underinsured motorist] claim has a value of $8,301.05, and State Farm has taken the position that Plaintiff's UIM claim has a zero value after taking into consideration the $15,000 offset already received." (*Id.* at 3:16-18.)

## II. LEGAL STANDARD

Federal Courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).  For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).  The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "[i]f there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in

controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

District courts have subject matter jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### III.  DISCUSSION

In this case, Defendant based its removal of this action solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). However, Defendant has failed to carry its burden of establishing that this Court has subject matter jurisdiction over this case. Neither party disputes that the complete diversity requirement is satisfied. However, Defendant failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

In response to Plaintiff's Motion, Defendant asserts that the amount in controversy is met by the fact that "Ms. Arcuri demanded settlement in the sum of $50,000.00 from Mid-Century Insurance prior to litigation, and also demanded settlement in the sum of $25,000.00 from State Farm, as well as $2,000.00 in medical payments coverage under the alleged applicable terms for such coverage." (Resp. to Mot. to Remand, ECF No. 10 at 6:8-11.) However, these demands are not present on the face of the complaint. In the complaint, Plaintiff seeks general damages in excess of $10,000.00, special damages, punitive damages in excess of $10,000.00, and attorney's fees. (Compl., ECF No. 1-1 at 10:4-8.) Defendant also references the Plaintiff's demand for punitive damages as an additional factor to take into consideration.

In line with the presumption against removal jurisdiction, the Ninth Circuit has held that a bare assertion of the amount in controversy, devoid of any indication from the face of the

1  complaint, is not enough to establish federal jurisdiction. *See Matheson*, 319 F.3d at 1091.  In
2  *Matheson*, the complaint sought "in excess of $10,000 for economic loss, 'in excess' of
3  $10,000 for emotional distress, and 'in excess' of $10,000 for punitive damages." *Id.*  However,
4  the complaint did not specify how much "in excess" the plaintiff was seeking. *Id.*  Accordingly,
5  the court held that this assertion alone was insufficient to find that the defendant "made the
6  required showing of the amount in controversy." *Id.*

7  Here, the request for relief contained in the Plaintiff's complaint closely mirrors that
8  found in *Matheson*. *Id.*  In *Matheson*, the Plaintiff asked for at least $30,000.00, well below the
9  jurisdictional amount. *Id.*  The Plaintiff here seeks at least $20,000.00, even farther below the
10 jurisdictional minimum.  Therefore, it is doubtful that removal was appropriate in the first
11 instance.

12 Defendant also attempted to carry its burden by alleging that "Plaintiff's counsel refused
13 to stipulate that the value of the case did not exceed $75,000." (Resp. to Mot. to Remand, ECF
14 No. 10 at 6:13-14.)  This argument is also unpersuasive.  Defendant fails to provide any legal
15 authority that permits such a conclusion from a failure to so stipulate.  In fact, many district
16 courts within this circuit have declined to consider a refusal to stipulate to damages below the
17 jurisdictional amount when determining whether the amount in controversy requirement is met.
18 *See, e.g.*, *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-cv-00661-RCJ-RAM, 2010 WL 2609045
19 (D. Nev. June 24, 2010); *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196,
20 1199 (N.D. Cal. 1998).

21 For the reasons discussed above, Defendant has failed to carry its burden of proving by a
22 preponderance of the evidence that the amount in controversy exceeds $75,000.  Accordingly,
23 this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and the case must be
24 remanded to state court.

25

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand is **GRANTED** and this case is hereby remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this court's case.

**DATED** this 16th day of ___October___, 2013.

_____
Gloria M. Navarro
United States District Judge